Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Donald L. Prunty, Esq. (Bar No. 8230)
Laraine M. I. Burrell (Bar No. 8771)
burrelll@gtlaw.com
Moorea Katz (Bar No. 12007)
katzmo@gtlaw.com
GREENBERG TRAURIG
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel For Plaintiff
WILLIAM WALTERS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM WALTERS, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>COOPERS PICKS, LLC a Florida limited liability company; MICHAEL COOPER, an individual; RICHART RUDDIE, an individual; RYAN HOLZMAN, an individual; BRAD GREENBERG, an individual;  JM PICKS, an entity doing business in New York; JOHN MACK, an individual; RICH GARAFOLA, an individual; GLEN PETRELLI, an individual; SAL DeCARLO, an individual; WILLIAM "BILL" CONTI, an individual; D I GLOBAL MARKETING, LLC a New York limited liability company; DANIAL ITAHOV, an individual; CHRIS HATTON, an individual,<br><br>                    Defendants. | Case No.:   2:12-cv-01541-JCM-CWH<br><br><br>**SECOND AMENDED [PROPOSED] TEMPORARY RESTRAINING ORDER** |

   UPON CONSIDERATION of the Motion filed by plaintiff WILLIAM (BILL) WALTERS, ("Walters"), requesting a temporary restraining order and injunction requiring to immediately cease and desist all use of the plaintiff's name and image in the defendants' websites,

the supporting memorandum of points and authorities, the supporting declarations and evidence, the record in this case, and for other good cause shown:

THE COURT HEREBY FINDS THAT:

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331 and 1338;

2. The Court has personal jurisdiction over the defendants in that defendants regularly conduct business via the internet in the State of Nevada, and claim to conduct business relating to sports betting in Las Vegas, in association with the plaintiff who resides in Las Vegas, Nevada, and defendants committed tortious acts that they knew or should have known would cause injury to plaintiff in the State of Nevada;

3. Plaintiff, William (Bill) Walters, is a world-renowned sports bettor, who has studied and analyzed gaming for more than twenty years and has developed an unmatched expertise in sports betting. Mr. Walters has invested millions of dollars over the years in technology and analysis of gaming activities. He has earned hundreds of millions of dollars from his gaming investments.

**DEFENDANTS – COOPER PICKS, MICHAEL COOPER, RICHART RUDDIE & RYAN HOLZMAN**

4. Defendants, Cooper Picks, Michael Cooper, Richart Ruddie and Ryan Holzman own and operate websites at <cooperspicks.com> and <sportshandicappersmonitor.com> designed to offer sports betting services and information to the gaming public. Defendants' websites also offers "Billy Walters Sports Picks" claiming the picks come directly from Mr. Walters. They do not.

5. Defendants use the plaintiff's name and likeness, and plaintiff's world-renown reputation and success in the sports betting industry on their website by offering "Billy Walters Sports Picks" claiming the picks come directly from Mr. Walters. Defendants' use of plaintiff's name and likeness is designed to create the impression that they are affiliated with the plaintiff and to encourage bettors not only to visit their websites, but also to purchase defendants' betting services, which they pass-off as those of Bill Walters.

6. Defendants do not have permission or consent to use the plaintiff's name and likeness and have no other rights permitting such use.

7. Plaintiff has demonstrated that he will suffer irreparable harm if a temporary restraining order is not entered against these defendants directing them to remove all references to the plaintiff, including his name and image and any inferences of affiliation with the plaintiff. The public have purchased defendants' services believing they were purchasing "picks" from the plaintiff, and may blame the plaintiff for any financial losses they have incurred. The defendants shall further place a prominent disclaimer on each and every page of the website as follows:

> "This site is not, and has never been associated with, the world renowned William (Bill) Walters of Las Vegas. This is not a site or service which he approves or has ever been associated with."

### DEFENDANT – BRAD GREENBERG

8. Defendant, Brad Greenberg owns and operates a website at <billywalterssportsbettingpicks.com> designed to offer sports betting services and information to the gaming public. The domain name incorporates the plaintiff's name in its entirety, includes terms relating to sports betting, and is linked to a website showing both the plaintiff's name and image and a video from CBS' "60 Minutes" interview of plaintiff.

9. The website text is written in the first person as if written by the plaintiff himself. It is not. The website claims to offer "Billy Walters Picks" from the Billy Walters syndicate. Plaintiff has no such syndicate and does not offer "picks" to the public.

10. Defendant's use of plaintiff's name and likeness is designed to create the impression that he is, or he is affiliated with, the plaintiff and to encourage bettors not only to visit defendant's website, but also to purchase defendant's betting services.

11. Defendant does not have permission to use the plaintiff's name and likeness and has no other rights permitting such use.

12. Plaintiff has demonstrated that he will suffer irreparable harm if a temporary restraining order is not entered against this defendant directing him to transfer all rights in the domain name <billywalterssportsbettingpicks.com> to the plaintiff pending this litigation. The defendant must close the website or remove all references to the plaintiff, including his name and image and any inferences of affiliation with the plaintiff from the website. The public have

1  purchased defendants' services believing they were purchasing "picks" from the plaintiff, and may
2  blame the plaintiff for any financial losses they have incurred.

### DEFENDANTS – JM PICKS, JOHN MACK, RICH GARAFOLA, GLEN PETRELLI & SAL DeCARLO

13. Defendants, JM Picks, John Mack, Rich Garafola, Glen Petrelli and Sal DeCarlo own and operate websites at <jmpicks.com> and <jmpicks.net> designed to offer sports betting services and information to the gaming public. Defendants' websites also offers "Free Billy Walters Picks" claiming the picks come directly from Mr. Walters. They do not.

14. Defendants use the plaintiff's name and likeness, and plaintiff's world-renown reputation and success in the sports betting industry on their website by offering "Billy Walters Sports Picks" claiming the picks come directly from Mr. Walters. Defendants' use of plaintiff's name and likeness is designed to create the impression that they are affiliated with the plaintiff and to encourage bettors not only to visit their websites, but also to purchase defendants' betting services.

15. Defendants do not have permission to use the plaintiff's name and likeness and have no other rights permitting such use.

16. Plaintiff has demonstrated that he will suffer irreparable harm if a temporary restraining order is not entered against these defendants directing them to remove all references to the plaintiff, including his name and image and any inferences of affiliation with the plaintiff. The public have purchased defendants' services believing they were purchasing "picks" from the plaintiff, and may blame the plaintiff for any financial losses they have incurred. The defendants shall further place a prominent disclaimer on each and every page of the website as follows:

> "This site is not, and has never been associated with, the world renowned William (Bill) Walters of Las Vegas. This is not a site or service which he approves or has ever been associated with."

### DEFENDANT – WILLIAM "BILL" CONTI

17. Defendant, Bill Conti owns and operates a website at <sportssyndicate.com> designed to offer sports betting services and information to the gaming public. Defendant's website

also offers "Billy Walters Picks" claiming the picks come directly from Mr. Walters. They do not.

18.  Defendant uses the plaintiff's name, and world-renown reputation and success in the sports betting industry on his website by offering "Billy Walters Picks" claiming the picks come directly from Mr. Walters. Defendant's use of plaintiff's name and likeness is designed to create the impression that defendant is affiliated with the plaintiff and to encourage bettors not only to visit defendant's website, but also to purchase defendant's betting services.

19.  Defendant does not have permission to use the plaintiff's name and likeness and has no other rights permitting such use.

20.  Plaintiff has demonstrated that he will suffer irreparable harm if a temporary restraining order is not entered against this defendant directing him to remove all references to the plaintiff, including plaintiff's name and image and any inferences of affiliation with the plaintiff. The public have purchased defendants' services believing they were purchasing "picks" from the plaintiff, and may blame the plaintiff for any financial losses they have incurred. The defendants shall further place a prominent disclaimer on each and every page of the website as follows:

> "This site is not, and has never been associated with, the world renowned William (Bill) Walters of Las Vegas. This is not a site or service which he approves or has ever been associated with."

### DEFENDANTS – DI GLOBAL MARKETING & DANIEL ITAHOV

21.  Defendants, DI Global Marketing and Daniel Itahov, own and operate a website at <howtoearnmoneybynet.com>. Defendant, Itahov, claims to be a full time internet marketer offering legitimate ways to earn money on the Internet. Defendants expressly acknowledge that they use "tags" or metadata in their source code allowing websites to be found. Defendants expressly acknowledge that one "tag" they use is "Billy Walters."

22.  The source code for Defendants' website at <howtoearnmoneybynet.com> shows Defendants using the metadata "billy walters." Thus, the code for Defendants' website is specifically written to drive traffic looking for the plaintiff to the defendants' website.

23.  Plaintiff does not have, nor has he ever had, any affiliation with the defendants, DIGM or Itahov. Plaintiff has not, nor has he ever, given the defendants permission to use his name

in relation to their Internet Marketing or any business.

24. Plaintiff has demonstrated that he will suffer irreparable harm if a Temporary Restraining Order is not entered against these defendants directing them to remove all references to the plaintiff, including plaintiff's name and image on their website, and any website they have created, and from any meta data and source code for their website and for any website they have created. The defendants shall further place a prominent disclaimer on each and every page of the website as follows:

> "This site is not, and has never been associated with, the world renowned William (Bill) Walters of Las Vegas. This is not a site or service which he approves or has ever been associated with."

## DEFENDANT – CHRIS HATTON

25. Defendant registered the domain name <billywalterssportspicks.com> which incorporates Plaintiff's name in its entirety. The remainder of the domain name refers to sports picks for which the plaintiff is world-renowned. The registrant information identifies the person as the administrative and technical contact as "Billy Walters" with the email address as <maxhatton@juno.com>. At this time the domain name is linked to a parked website hosted by GoDaddy.com. The website currently offers advertising for sports betting related websites.

26. The domain name does not contain the defendant's name, and there appears to be no valid basis for the defendant to register a domain name incorporating the plaintiff's name in full with the terms "sports picks."

27. Plaintiff has demonstrated that he will suffer irreparable harm if a temporary restraining order is not entered against this defendant directing him to transfer all rights in the domain name <billywalterssportspicks.com> to the plaintiff pending this litigation. Also, for the defendant to cease any and all use of, or references to the plaintiff, including plaintiff's name and image. The defendants shall further place a prominent disclaimer on each and every page of the website as follows:

> "This site is not, and has never been associated with, the world renowned William (Bill) Walters of Las Vegas. This is not a site or service which he approves or has ever been associated with."

28. Plaintiff has demonstrated a likelihood of success on the merits of his False Designation of Origin claim against defendants under the Lanham act, 15 U.S.C. § 1125(a);

29. Plaintiff has demonstrated likelihood of success on the merits of his cybersquatting claims against defendants under the Lanham Act, 15 U.S.C. § 1125(d);

30. Plaintiff has demonstrated a likelihood of success on the merits of his violations of rights of publicity Under N.R.S. §597.770 *et seq;*.

31. Plaintiff has demonstrated a likelihood of success on the merits of his deceptive trade practices claim under N.R.S. 598.0903, *et seq.;*

32. Plaintiff has demonstrated a likelihood of success on the merits of his civil conspiracy claim;

33. Plaintiff has demonstrated a likelihood of success on the merits of his unjust enrichment claim;

34. Plaintiff has demonstrated a likelihood of success on the merits of his conversion claim.

35. The balance of hardships tips in favor of plaintiff because issuance of the restraining order and injunction would merely lock and transfer the infringing domain names to plaintiff pending trial. Further, removing defendants' ability to use plaintiff's name and image to which they have no rights does not prevent them from continuing to do business using other means of advertising and promoting their services.

36. Failure to issue the restraining order and injunction would cause plaintiff to suffer irreparable injury to his name and reputation and continue to face blame and death threats from members of the public who have lost money from purchasing defendants' services believing they were buying plaintiff's "picks".

37. There is no likelihood of harm to the public from the temporary restraining order now being granted. In fact, the public would be protected by issuance of the temporary restraining order because they would not be misinformed that they are buying sports betting "picks" from the plaintiff when they are not.

/ / /

LV 419837350v2

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: plaintiff's motion for temporary restraining order is hereby GRANTED;

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain names <billywalterssportspicks.com> and <billywalterssportsbettingpicks.com> shall be immediately locked by the registrar and/or its successor registrars and take all necessary actions to transfer the infringing domain names to plaintiff.

IT IS FURTHER ORDERED that the registrar and/or its successor registrars remove all existing domain name derver (DNS) entries and corresponding addresses, and enter the registrar's default domain name server and address entries to prevent further damage caused by the infringing use of the infringing domain names.

IT IS FURTHER ORDERED that defendants will immediately cease and desist any and all use of plaintiff's name, image, reputation, and any and all variants thereof, including, but not limited to, on their websites, in their advertising, marketing and promotional materials, and in particular in reference to any sports betting "picks."

IT IS FURTHER ORDERED that defendants shall place a prominent disclaimer on each and every page of the website as follows:
> "This site is not, and has never been associated with, the world renowned William (Bill) Walters of Las Vegas.  This is not a site or service which he approves or has ever been associated with."

IT IS FURTHER ORDERED that defendants shall file, pursuant to 15 U.S.C. § 1116(a), with this court and serve upon plaintiff within thirty (30) days after entry of this order, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with this court's order; and

IT IS FURTHER ORDERED that plaintiff shall post a nominal bond of one thousand dollars ($1000) because the evidence indicates that defendants will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

### ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of plaintiff's motion, the memorandum of points and authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter

8

LV 419837350v2

and for good cause shown:

1. The Court hereby sets the hearing for plaintiff's motion for preliminary injunction on September 11, 2012, at 11:00 a.m. in Courtroom 6A at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada, 89101.

2. Further, the Court hereby sets the following briefing schedule relating to plaintiff's motion:

    (a) Defendants shall file and serve opposition papers, if any, no later than September 6, 2012;

    (b) Plaintiff shall file and serve its reply brief, if any, no later than September 10, 2012; and

3. In addition, to ensure defendants receive timely notice of the hearing, given that defendants must maintain accurate contact information with the domain name registrar, plaintiff may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the motion, this order and all other pleadings filed to date on defendants by electronic mail transmission.

_____
UNITED STATES DISTRICT JUDGE

Date and Time: August 30, 2012 at 3:20 p.m.

Respectfully submitted by:

GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
Laraine Burrell (Bar No. 8771)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Counsel for Plaintiff
WILLIAM WALTERS