Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Donald L. Prunty, Esq. (Bar No. 8230)
Laraine M. I. Burrell (Bar No. 8771)
burrelll@gtlaw.com
Moorea Katz (Bar No. 12007)
katzmo@gtlaw.com
GREENBERG TRAURIG
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel For Plaintiff
WILLIAM WALTERS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM WALTERS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COOPERS PICKS, LLC a Florida limited liability company; MICHAEL COOPER, an individual; RICHART RUDDIE, an individual; RYAN HOLZMAN, an individual; BRAD GREENBERG, an individual; JM PICKS, an entity doing business in New York; JOHN MACK, an individual; RICH GARAFOLA, an individual; GLEN PETRELLI, an individual; SAL DeCARLO, an individual; WILLIAM "BILL" CONTI, an individual; D I GLOBAL MARKETING, LLC a New York limited liability company; DANIAL ITAHOV, an individual; CHRIS HATTON, an individual, <br><br> Defendants. | Case No.:  2:12-cv-01541-JCM-CWH <br><br> **ORDER GRANTING PRELIMINARY INJUNCTION** |

This matter having come before the Honorable James C. Mahan on September 11, 2012, Mark Tratos, of the law firm Greenberg Traurig, LLP, appearing on behalf of Plaintiff William Walters ("Walters" or "plaintiff") and no appearance being made on behalf of Defendants Coopers

1

LV 419849845v1

Picks, LLC, Michael Cooper, Richart Ruddie, Ryan Holzman, Brad Greenberg (collectively "Cooper defendants"), JM Picks, John Mack, Rich Garafola, Glen Petrelli, Sal DeCarlo (collectively "JM defendants"), William Conti ("Conti"), DI Global Marketing, LLC, Danial Itahov (collectively "DIGM defendants") and Chris Hatton ("Hatton") (collectively "defendants"), and good cause appearing therefore, this court hereby finds and orders as follows:

1. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331 and 1338;

2. The court has personal jurisdiction over the defendants in that defendants regularly conduct business via the internet in the state of Nevada, and claim to conduct business relating to sports betting in Las Vegas, in association with the plaintiff who resides in Las Vegas, Nevada, and defendants committed tortious acts that they knew or should have known would cause injury to plaintiff in the state of Nevada;

3. Plaintiff, William (Bill) Walters, is a world-renowned sports bettor, who has studied and analyzed gaming for more than twenty years and has developed an unmatched expertise in sports betting. Mr. Walters has invested millions of dollars over the years in technology and analysis of gaming activities. He has earned hundreds of millions of dollars from his gaming investments.

4. On August 31, 2012, all of the defendants were served with the complaint and summons in this action, plaintiff's application for temporary restraining order and motion for preliminary injunction ("motion") and the temporary restraining order ("TRO") entered by this court on August 30, 2012 by electronic mail in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure.

5. On September 5 and 6, 2012, the Coopers defendants were personally served with the complaint and summons, motion and TRO.

6. On September 1, 2012, the DIGM defendants were personally served with the complaint, summons, motion and TRO.

7. On September 6, 2012, defendant Hatton was personally served with the complaint, summons, motion and TRO.

///

8. On September 5, 2012 and September 7, 2012, service of the complaint, summons, motions and TRO was unsuccessfully attempted at the company address listed as the contact information on the registrar's WHOIS.com report for the JM defendants. Although registrants are required to provide current contact information to the registrar(s) of their domain name(s), the process server was told this address was vacant.

9. Plaintiff, in compliance with the order of this court, filed a bond in the amount of one thousand and no/100 dollars ($1,000.00) on September 5, 2012.

10. Defendants have not yet made an appearance in this action.

11. The Cooper defendants have used plaintiff's name and image as part of their internet domain names <cooperspick.com> and <sportshandicappersmonitor.com> without plaintiff's authority or permission.

12. The JM defendants have used plaintiff's name and image as part of their internet domain names <jmpicks.com> and <jmpicks.net> without plaintiff's authority or permission.

13. Defendant Hatton has used plaintiff's name and image as part of his internet domain name <billywalterssportspicks.com> without plaintiff's authority or permission.

14. Defendant Conti has used plaintiff's name and image as part of his internet domain name <sportssyndicate.com> without plaintiff's authority or permission.

15. The DIGM defendants have used plaintiff's name and image as part of their internet domain name <howtoearnmoneybynet.com> without plaintiff's authority or permission.

16. The Cooper defendants have admitted that defendant Brad Greenberg is an alias and does not exist. The Cooper defendants have used plaintiff's name and image as part of their internet domain name <billywalterssportsbettingpicks.com> without plaintiff's authority or permission.

17. Plaintiff would suffer irreparable injury if the court does not require the domain name <billywalterssportspicks.com> registrar, godaddy.com, to lock the infringing domain name and transfer it to plaintiff pending litigation of this matter.

18. Plaintiff would suffer irreparable injury if the court does not require the domain name <billywalterssportsbettingpicks.com> registrar, domainsite.com, to lock the infringing domain name and transfer it to plaintiff pending litigation of this matter

3

LV 419849845v1

19. Plaintiff has demonstrated likelihood of success on the merits of his false designation of origin claim against defendants under 15 U.S.C. § 1125(a).

20. Plaintiff has demonstrated likelihood of success on the merits of his anti-cybersquatting claim against defendants under the Lanhan Act, 15 U.S.C § 1125(d).

21. Plaintiff has demonstrated likelihood of success on the merits of his rights of publicity claim against defendants under N.R.S. §597.770, *et seq*.

22. Plaintiff has demonstrated likelihood of success on the merits of his deceptive trade practices claim against defendants under N.R.S. §598.0903, *et seq*.

23. Plaintiff has demonstrated likelihood of success on the merits of his civil conspiracy claim against defendants.

24. Plaintiff has demonstrated likelihood of success on the merits of his unjust enrichment claim against defendants.

25. Plaintiff has demonstrated likelihood of success on the merits of his conversion claim against defendants.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that William Walter's motion for preliminary injunction is hereby GRANTED.

IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1125(d)(1), the domain name <billywalterssportspicks.com> shall remain locked by the registrar, godaddy.com, and/or its successor registrars and in the possession of plaintiff, as ordered by this court in the temporary restraining order, dated August 30, 2012, throughout the pendency of this litigation;

IT IS FURTHER ORDERED that pursuant to 15 U.S.C. § 1125(d)(1), the domain name <billywalterssportsbettingpicks.com> shall remain locked by the registrar, domainsite.com, and/or its successor registrars and in the possession of plaintiff, as ordered by this court in the temporary restraining order, dated August 30, 2012, throughout the pendency of this litigation;

IT IS FURTHER ORDERED that the registrars godaddy.com and domainsite.com and/or their successor registrars remove all existing domain name server (DNS) entries and corresponding addresses, and enter the registrar's default domain name server and address entries to prevent further damage caused by the infringing use of the infringing domain names.

4

LV 419849845v1

1     IT IS FURTHER ORDERED that defendants will immediately cease and desist any and all use of plaintiff's name and image and any and all variants thereof, including use of the <billywalterssportspicks.com> and <billywalterssportsbettingpicks.com> infringing domain names and any and all variants thereof;

    IT IS FURTHER ORDERED that as the JM defendants have posted on their websites <jmpicks.com> and <jmpicks.net> the exact disclaimer language regarding William Walters as ordered in this court's temporary restraining order, the JM defendants have acknowledged awareness of this lawsuit and are therefore deemed served with the Complaint.

    IT IS FURTHER ORDERED that defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this court and serve upon plaintiff within thirty (30) days after entry of this order, a report in writing under oath setting in detail the manner and form in which defendant has complied with this court's order; and

    IT IS FURTHER ORDERED that the bond posted with this court in the amount of one thousand and no/100 dollars ($1000.00) shall be applied to this preliminary injunction.

_____
UNITED STATES DISTRICT JUDGE

Date September 19, 2012.

Respectfully submitted by:

GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
Laraine Burrell (Bar No. 8771)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Counsel for Plaintiff
WILLIAM WALTERS